**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ANTHONY HICKS                                                                    PLAINTIFF

v.                                          2:11-cv-00142-SWW-JTK

WENDY KELLEY, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.    Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing

is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

1

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    **Introduction**

This matter is before the Court on the Defendants' Motions for Summary Judgment (Doc. Nos. 21, 24, 27).   By Order dated June 12, 2012, this Court directed Plaintiff to file a Response to the Motions within fifteen days of the date of the Order (Doc. No. 28).   The Court further advised the Plaintiff that failure to respond to the Court's Order would result in all of the facts set forth in Defendants' Motions and Briefs being deemed admitted by Plaintiff pursuant to Local Rule 56.1(c), or in dismissal without prejudice of his Complaint, pursuant to Local Rule 5.5(c)(2).[1]   As of this date, Plaintiff has not filed Responses to the Motions, and has not otherwise corresponded with the

---

[1]Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communi-cation from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

Court.

Plaintiff Hicks filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the East

Arkansas Regional Unit (EARU) of the Arkansas Department of Correction (ADC).  He was

released from incarceration in August, 2011 (Doc. No. 23-1, p. 6).  In his Complaint, he claims he

filed a request to have his partial denture replaced on January 24, 2009, after a piece was broken off

while eating peanuts.  (Doc. No. 2, p. 4).   However, Defendant Dr. Yang denied his request based

on ADC policy that requires a six-year waiting period prior to receiving new partials. (Id.) Plaintiff

claims the denial, which was upheld by Defendants Dr. Zoldessy and ADC Deputy Director Wendy

Kelley, caused him cruel and unusual punishment in violation of his Eighth Amendment rights.

Plaintiff asks for damages from Defendants.

## II.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.  See  Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears

the initial burden of identifying 'those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d

1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted).  "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

3

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. Fed.R.Civ.P. 56(e)(2).

### A.   Undisputed Facts

According to the facts set forth by Defendants in their Statements of Undisputed Material Facts (Doc. Nos. 23, 26), which were not otherwise disputed by the Plaintiff, Plaintiff submitted a health services request form on January 22, 2009, requesting repair of broken dentures. He was examined on January 24, 2009, by Defendant Yang, a licensed dentist and the Dental Director at the EARU for Corizon, Inc., who is the dental contractor for the ADC. She noted:

> Left side of upper partial broke and patient claims he lost the broken piece (the piece missing should be 2 teeth, part of acrylic palate and a wire), it is non-repairable without the missing piece. The existing broken upper partial was made and delivered on 08-30-06, according to ADC policy, he is not eligible for another new partial until 08-30-12. Clinically on the right side patient has good occlusion (5 upper teeth articulate with 4 lower teeth and a lower partial) to eat with and on left side teeth ## 15, 16 occludes well to ## 17, 18. It is not medically necessary to prove him another new upper partial.

(Doc. No. 23-1, p. 28.) The policy referred to by Yang is the Dental Policy, which provides in part:

> 8.   Prosthetic Services.
>
>      a.   Teeth are not absolutely necessary either for nutrition or for speech.....their absence does not result in malnutrition or an inability to speak. Rather, their absence usually results in a non-quantifiable and usually minor

disability.

....

....

            d.      Prostheses (both full and partial) are expected to last for at least six (6) years.  During this period the offender is responsible for the care of the prostheses.  The prostheses will not be replaced unless the damage can be documented to have been caused by staff negligence or intent or there is a dental change in the jaw.

(Doc. No. 27-1, pp. 1-2.)

Plaintiff then filed a grievance, complaining about Yang's denial of his repair request (identified as Jane Doe infirmary dentist), on February 24, 2009 (Doc. No. 23-1, p. 26.)  The Health Services response to the grievance stated that "documentation form (sic) the unit dentist shows it is not medically necessary at this time to repair or replace the partial."  (Id. at p. 25.)  Defendant Kelley, who is the ADC Assistant Medical Director, then found Plaintiff's appeal without merit, after reviewing Plaintiff's medical records and the report of Defendant Yang, and noting that Dr. Zoldessy reviewed and agreed with Dr. Yang's findings.  (Id. at p. 24.)  (Dr. Zoldessy is the Regional Dental Director for Corizon, Inc. - Doc. No. 27-1, p. 1.)

Plaintiff was released from incarceration in August, 2011, and stated in his deposition that he has not seen a dentist since his release and feels healthy.  (Doc. No. 23-1, pp. 6-7.)

### B.      Defendant Kelley's Motion (Doc. No. 21)

Kelley states Plaintiff's Complaint against her should be dismissed because he cannot show that she acted with deliberate indifference to his serious medical needs by denying the grievance he filed about his needed denture repairs.  In his deposition, Plaintiff admitted that he sued Kelley solely because she found his grievance appeal to be without merit.  (Doc. No. 23-1, p. 15).  Plaintiff

5

also admitted that Kelley is not a doctor, nurse, or trained medical person.  (Id. At p. 12).  Kelley states she was entitled to rely on the dentists' professional medical determinations that Plaintiff did not need a new denture, and that disagreement with a physician's medical judgment fails to rise to a constitutional violation, citing Meuir v. Green County Jail Employees, 487 F.3d 1115, 1118 (8th Cir. 2007).  Finally, Kelley states that her general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability, citing Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).

The Court agrees that Plaintiff's allegations against Defendant Kelley should be dismissed, because the facts as presented do not support a finding of deliberate indifference to his serious medical needs.  The "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."  Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997), quoting Camberos, 73 F.3d at 176.  In addition, "'if any claim of medical indifference . . . is to succeed, it must be brought against the individual[s] directly responsible for [plaintiff's] medical care.'"  Keeper, 130 F.3d at 1314, quoting Kulow v. Nix, 28 F.3d 855, 859 (8th Cir. 1994) (other citations omitted).  Therefore, the Court finds as a matter of law that Plaintiff's claims against Defendant Kelley should be dismissed.

## C.   Defendants Yang and Zoldessy (Doc. Nos. 24, 27)

### 1)   Zoldessy

Defendant Zoldessy states that Plaintiff's allegations against him should be dismissed, for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, and the ADC grievance policy.  The grievance form utilized by the Plaintiff in complaining about defendant Yang's actions states, "**BRIEFLY** state your one

complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected."  (Doc. No. 2, p. 6.)  Plaintiff admitted in his deposition that he did not file a similar grievance naming Dr. Zoldessy (Doc. No. 26-2, pp. 3-4), and has not disputed that fact with this Court.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, 532 U.S. 731, 741 n.6 (2001), the United States Supreme Court held that, in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In Johnson v. Jones, 340 F.3d 624, 627-8 (8th Cir. 2003), the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory."  (Emphasis in original.)  Finally, in Jones v. Bock, 549 U.S. 199, 218 (2007), the United States Supreme Court held that, while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

Given Plaintiff's admission that he failed to file a grievance against Dr. Zoldessy prior to filing this lawsuit, the Court finds that Plaintiff's allegations against him should be dismissed without prejudice.

2)      Yang

Defendant Yang states that her denial of Plaintiff's request for a denture replacement was not deliberately indifferent to his serious medical needs, because she found that the denture was not medically necessary, and that he was able to eat without sufficient difficulty.  This opinion is supported by Dr. Zoldessy, and the ADC dental policy (Doc. No. 27-1).  She states that Plaintiff's disagreement over her medical decision does not support a finding of a constitutional violation, especially absent any proof that he suffered physical problems due to the lack of the replacement denture.

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).   However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order

to succeed on his claim.  <u>Beyerbach v. Sears</u>, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment."  <u>Dulany</u>, <u>supra</u>, 132 F.3d at 1240.

In this case, absent any dispute from Plaintiff to the contrary, the Court finds as a matter of law that Defendant Yang did not act with deliberate indifference to his serious medical needs by denying his request for a denture replacement, and therefore, that Plaintiff's allegations against her should be dismissed with prejudice.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1)      Defendants' Motions for Summary Judgment (Doc. Nos. 21, 24, 27) be GRANTED.

2)      Plaintiff's allegations against Defendants Kelley and Yang be DISMISSED with prejudice.

3)      Plaintiff's allegations against Defendant Zoldessy be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 13th day of July, 2012.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE